IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LYNETTE CASTILLO, et al.,

Plaintiffs,

v.

KLAYMAN & TOSKES, P.A., et al.,

Defendants.

CIVIL NO. 24-1427 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

The present case arises from financial losses incurred by different investors for bonds managed by UBS Financial Services during the bond market collapse that occurred in Puerto Rico in 2013. Plaintiffs are some of those investors who, because of those losses, sought legal help in attempting to recoup them. Plaintiffs Lynette Castillo, Félix M. Avilés-Franco, their conjugal partnership, Personnel Recruiting Service, Corp. (collectively, the "Castillo Plaintiffs"); Salvador Jiménez, Raquel Jiménez, their conjugal partnership, and the Salvador Jiménez Individual Retirement Account (collectively, the "Jiménez Plaintiffs"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), filed this case against Defendants Klayman & Toskes, P.A. ("K&T"), Lawrence L. Klayman, and Steven J. Toskes ("Toskes", collectively, "Defendants"). Plaintiffs allege in the Amended Complaint that Defendants, a law firm and its attorneys, defrauded Plaintiffs by having them pay legal fees to represent them in their claims before the Financial Industry Regulatory Authority ("FINRA"), even though they were not authorized to practice law in Puerto Rico. Plaintiffs bring this diversity case

with causes of action under Puerto Rico law for fraud (Count I), breach of contract (Count II), damages (Count III), unjust enrichment (Count IV), and breach of the implied duty to act in good faith (Count V). (Docket No. 48)

Defendants moved to dismiss the claims against them via an "Omnibus Motion to Strike Class Allegations and Dismiss Amended Complaint." (Docket No. 51). Defendants aver the request for class certification is facially infirm and the class cannot be certified. Plaintiffs argue on the merits that the Jiménez Plaintiffs duly authorized K&T to represent them before FINRA through Defendant Toskes, who had been previously granted *pro hac vice* admission by the Puerto Rico Supreme Court, and suffered no damages as they never paid Defendants any fees. Defendants also claim that all Plaintiffs failed to plausibly plead damages exceeding $75,000 and therefore did not meet the amount in controversy. As to the remaining claims, they claim they are all time-barred, fraud is not pled with particularity, and equitable tolling is unavailable to save the time-barred claims.

Plaintiffs filed the corresponding Opposition and Defendants replied. (Docket Nos. 59 and 72). The undersigned referred Defendants' Motion to Dismiss to Magistrate Judge Héctor Ramos-Vega ("Magistrate Judge Ramos-Vega") for a Report and Recommendation ("R&R"). (Docket No. 76).

Magistrate Judge Ramos-Vega then filed an R&R recommending the case be dismissed in its entirety. (Docket No. 92). Magistrate Judge Ramos-Vega found that both sets of Plaintiffs failed to meet the threshold jurisdictional amount, which effectively ends the case. Notwithstanding, Magistrate Judge Ramos-Vega offered additional grounds for dismissal of the case on the merits. As to the Jiménez Plaintiffs, he held their claims were based on the premise that the individual Defendants were not admitted to practice law in

Case 3:24-cv-01427-CVR    Document 96    Filed 02/27/26    Page 3 of 10

Lynette Castillo, et al. v. Klayman & Toskes, P.A., et al.
Opinion and Order
Civil 24-1427 (CVR)
Page 3
_____

Puerto Rico. The evidence showed the opposite, that Defendant Toskes had been granted *pro hac vice* admission in 2013 by the Puerto Rico Supreme Court to represent individuals in FINRA proceedings, including them, and they were aware of this. As to the Castillo Plaintiffs, he found all their claims were time-barred and the allegations insufficient to meet the equitable doctrine of fraudulent concealment, which in any event, was inapplicable. (Id.).

## ANALYSIS

The Court may refer dispositive motions to a Magistrate Judge for an R&R. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Within fourteen days of receiving a copy of the R&R, "a party may serve and file specific written objections to the proposed findings and recommendations." Id. Upon filing of a timely objection, a party is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Total Petroleum Puerto Rico Corp. v. Fonseca-Marrero, Civil No. 16-2436 (PAD), 2018 WL 6131777, at *1 (D.P.R. 2018) (quotation omitted); Ponsa-Rabell v. Santander Securities, LLC, 2020 WL 4219685, at *1 (D.P.R. 2022); United States v. J.C.D., 861 F.3d 1, 6 (1st Cir. 2017). When performing this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1). Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." Local Rule 72(d); see also Fed. R. Civ. P. 72(b)(2). However, the Court need not "consider frivolous, conclusive, or general objections." See Rodríguez-González v. Astrue, 854 F.Supp.2d 176, 178 (D.P.R. 2012). And if objections merely repeat arguments already made to the magistrate judge,

Case 3:24-cv-01427-CVR    Document 96    Filed 02/27/26    Page 4 of 10

Lynette Castillo, et al. v. Klayman & Toskes, P.A., et al.
Opinion and Order
Civil 24-1427 (CVR)
Page 4
_____

a *de novo* review is unwarranted, and the district judge will review those portions of the R&R for clear error. Id. Further, a party objecting to an R&R is not "entitled as of right to a *de novo* review by the [district] judge of an argument never raised" before the magistrate judge. See United States v. Rosado-Cancel, 917 F.3d 66, 69 (1st Cir. 2019).

**1. Plaintiffs' Objections to the R&R.**

Plaintiffs timely filed their Objections to the R&R. (Docket No. 95). As to the jurisdictional amount, they admit that each member of the class must meet the statutory minimum of $75,000 but argue instead that "the combination of their attorneys' fees, their expenses, as well as the tort damages related to the breach of contract meet and exceed the $75,000 threshold." (Docket No. 95, p. 2). They indicate that the amount of damages claimed in the Amended Complaint is $1,000,000 per Plaintiff, and because ascertaining damages is a jury function, Plaintiffs posit Defendants have not demonstrated to a legal certainty that a jury would not award them more than the $75,000 threshold amount.

As to the merits of their claims, Plaintiffs admit their "dolo" cause of action is time-barred but aver instead that they filed a separate breach of contract claim[1], and dispute the Magistrate Judge's conclusion that this cause of action and unjust enrichment claim are time-barred. They argue instead that Plaintiffs' claims carry the 15-year statute of limitations for contact claims under the 1930 Civil Code[2] and are therefore timely. They also proffer that, under the First Circuit's precedent, a contract statute of limitations

---

[1] As will be discussed later in more detail, the Magistrate Judge found Plaintiffs' breach of contact claim was really a pre-contractual dolo claim.

[2] The new Puerto Rico Civil Code was enacted in November 2020. Since the causes of action alleged in this case arose before then, the terms contained in the 1930 Civil Code govern the Court's analysis. See P.R. Laws Ann tit. 31, §§11719, 11720 (2020).

applies to otherwise time-barred emotional damages when those emotional damages arise from a contractual breach. In other words, even if their tort claims are time-barred, they can recover damages therefrom if they arise from a timely breach of contract claim. Finally, they proffer the Magistrate Judge erred in finding their unjust enrichment claims to be time-barred, as the statute of limitations for those claims is 15 years instead of 1 year.

### 2. Application.

As to the amount in controversy requirement, Magistrate Judge Ramos-Vega found that Plaintiffs' Opposition admitted that "damages suffered [by Plaintiffs] are the [attorney] fees paid." (Docket No. 59 at p. 16). The Jiménez Plaintiffs never paid any fees to Defendants, and the Castillo Plaintiffs only paid $68,502.00. Since each Plaintiff must individually satisfy the amount in controversy for the Court to exercise jurisdiction, Magistrate Judge Ramos-Vega found Plaintiffs failed to meet this threshold issue.

Plaintiffs' objection posits that they suffered mental anguish in addition to the fees paid, and that the Amended Complaint sought $1,000,000 in damages for each Plaintiff. (Docket No. 96, p. 2). The problem with this argument is that the Amended Complaint merely states, in a very general fashion, that "Plaintiffs are entitled to $1,000,000 in damages stemming from the defendants' tortious acts." Nothing more is stated as to the alleged damages, much less that each Plaintiff *individually* claimed this amount. Furthermore, Plaintiffs' Opposition to Defendants' Motion to Dismiss contains no discussion at all in support of their damages allegations, only mentioning in passing that

Case 3:24-cv-01427-CVR   Document 96   Filed 02/27/26   Page 6 of 10

Lynette Castillo, et al. v. Klayman & Toskes, P.A., et al.
Opinion and Order
Civil 24-1427 (CVR)
Page 6
_____

their damages "are the fees paid" [3], so the Magistrate Judge found Plaintiffs' silence to be an "acquiescence." Considering Plaintiffs' admission that the fees paid were their damages, the Court agrees with Magistrate Judge Ramos-Vega that the amount in controversy is not met and the Court lacks jurisdiction to entertain this case. This conclusion puts an end to this case.

However, considering that Magistrate Judge Ramos-Vega discussed in the R&R the dismissal of this case on the merits, the Court finds it proper to briefly discuss this case beyond the jurisdictional threshold. In doing so, the Court agrees with Magistrate Judge Vega-Ramos that, even if the Court were to find the jurisdictional threshold was met, it would still dismiss the case on the additional grounds he discussed, which ultimately recommended that outcome.

As to the merits of the claims, Plaintiffs did not object to the Magistrate Judge's recommendation to dismiss the claims of the Jiménez Plaintiffs, which were based on Defendants' alleged unlawful legal practice, because Defendant Toskes had sought and was granted *pro hac vice* admission to the Puerto Rico bar. Plaintiffs' Objection also admitted their dolo claim was untimely and presented no objection to the Magistrate Judge's conclusion that the pleadings failed to comply with the specificity requirements for fraud in Fed. R. Civ. P. 9(b) for the application of the equitable tolling doctrine of fraudulent concealment which in any event, he also found was inapplicable in this case. Plaintiffs also failed to present objections to the Magistrate Judge's conclusion that the

---

[3] Even then, this is mentioned only in the section addressing "loss causation" as to the class action elements. (Docket No. 59, p. 16). Plaintiffs' opposition contains absolutely no discussion whatsoever about the amount in controversy argument raised by Defendants. It is therefore deemed waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (finding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Case 3:24-cv-01427-CVR   Document 96   Filed 02/27/26   Page 7 of 10

Lynette Castillo, et al. v. Klayman & Toskes, P.A., et al.
Opinion and Order
Civil 24-1427 (CVR)
Page 7
_____

fraud (count I), tort (count III), and duty to act in good faith (count V) claims, which are subject to a one-year statute of limitations, were also time-barred. Absent any objections thereto, the Court sees no clear error in Magistrate Judge Ramos-Vega's conclusion that these causes of action are time-barred and hereby ADOPTS the recommendation to dismiss them.

This only leaves the breach of contract and the unjust enrichment claims, for which the Court conducts a *de novo* review considering Plaintiffs' objections. Plaintiffs' position is that, separately from dolo, they alleged a breach of contract claim which carries a 15-year statute of limitations under the 1930 Civil Code. Plaintiffs hired Defendants in 2015, and the case was filed in 2024, thus making this claim timely. However, Magistrate Judge Ramos-Vega found the breach of contact claim to be a contractual dolo claim, insofar as its allegations did not arise from any specific obligation, but rather that Plaintiffs were tricked into signing the retainer agreements with Defendants under false pretenses, to wit, that they were not authorized to practice law in Puerto Rico. In so finding, Magistrate Judge Ramos-Vega noted that Plaintiffs failed to identify in their Amended Complaint, as well as in their Opposition, any specific provisions of the retainer agreements that Defendants allegedly breached, and that the Amended Complaint was rife with allegations regarding the fraudulent actions that took place when Plaintiffs were supposedly deceived into signing the retainer agreements. Magistrate Judge Ramos-Vega also found that "Plaintiffs concede as much [that their claim was under dolo and not a breach of contract claim], as they do not challenge Defendants' argument other than citing caselaw discussing the difference between contractual and noncontractual claims." (Docket No. 92, p. 14).

The Court agrees with Magistrate Judge Ramos-Vega that this claim is really a pre-contractual dolo claim and not a breach of contract claim. Both the Amended Complaint, as well as the Opposition to the Motion to Dismiss, discuss at great length different legal elements such as pre- and post-contractual dolo and fraud, and how Defendants fraudulently hoodwinked Plaintiffs into signing the retainer agreements. At the same time, Plaintiffs fail to point out which provisions of the retainer agreement were allegedly breached. Given that a dolo claim carries a four-year statute of limitations term, this claim is also time-barred.

The objection by Plaintiffs does not help because it raises something different altogether, namely, that no contract for professional services can be valid if the person misrepresented him or herself as a professional and he/she was not one. But Magistrate Judge Ramos-Vega correctly found that Defendant Toskes had indeed validly sought and obtained *pro hac vice* admission to the Puerto Rico bar in 2013, and further, had informed the Puerto Rico Supreme Court he would be representing the Jiménez Plaintiffs before FINRA.

Citing to Muñiz-Olivari v. Stiefel Labs, Inc., 496 F.3d 29 (1st Cir. 2007), Plaintiffs attempt to salvage their time-barred tort claim, averring that when such a claim arises from a contract, the applicable statute of limitations is the one for contractual claims, or 15 years. But the issue in Muñiz-Olivari was whether separate emotional damages were recoverable in a breach of contract action by the contracting party and his spouse, who was not a party to the contract. There was no statute of limitations issue raised in Muñiz-Olivari and therefore, it cannot stand for the proposition that Plaintiffs ask the Court to accept today. Plaintiffs' citation to Ansin v. River Oaks FFurniture, 195 F.3d 645 (1st Cir.

1997) to stand for the same proposition is inapposite, insofar as that case was decided under Massachusetts' law and not under civil law.

Finally, Plaintiffs contend that Magistrate Judge Ramos-Vega erred in finding their unjust enrichment claims to be time-barred, as the statute of limitations for those claims is 15 years instead of 1 year. Thus, if the Court were to find the breach of contact claim to be time-barred, they argue their unjust enrichment cause of action remains viable. It does not.

Under Puerto Rico law, unjust enrichment is a specific doctrine utilized as a last resort and when there is no statute or other remedy directly applicable to the situation. Rivera-Muñiz v. Horizon Lines Inc., 737 F.Supp.2d 57, 65 (D.P.R. 2010) (unjust enrichment is "subsidiary to other remedies provided by law and is unavailable if the plaintiff may seek other forms of relief"). It is not applicable where a contract governs the dispute at issue and courts have precluded its application when there is an existing contract between the parties. P.R. Tel. Co. v. Sprintcom, Inc., 662 F.3d 74, 97 (1st Cir. 2011); Westernbank Puerto Rico v. Kachkar, No. 07-1606 (ADC), 2009 WL 6337949 at *29 (D.P.R. Dec. 10, 2009); Medina & Medina v. Country Pride Food Ltd., 631 F.Supp. 293, 302 (D.P.R. 1986).

In the case at bar not only is there an existing contract between the parties, but Plaintiffs have other avenues of relief available to them, ones which they have specifically pled. Thus, "when plaintiffs allege conduct that is covered by an applicable statute, even if plaintiffs have failed to sufficiently allege that claim or if the claim is time-barred, it is inappropriate to allow a claim for unjust enrichment." In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 578 F.Supp.3d 267, 296 (D.P.R. 2021), aff'd, 54 F.4th 42 (1st Cir. 2022);

Ocaso, S.A., Compañia de Seguros y Reaseguros v. P.R. Mar. Shipping Auth., 915 F. Supp. 1244. n.15 (D.P.R. 1996) (dismissing claim for unjust enrichment when facts would allow for a claim sounding in tort, despite tort claim being time-barred). Thus, the Court reaches the same result as Magistrate Judge Ramos-Vega, but via a different route. Simply put, unjust enrichment is not available to Plaintiffs.

In sum, upon an independent review of the record and consideration of the analysis contained in Magistrate Judge Ramos-Vega's R&R and having conducted its own research and analysis on the issues presented for the Court's consideration, the Court adopts in full the Magistrate Judge's findings and legal conclusions that Defendants' Omnibus motion should be granted and the case dismissed.

## CONCLUSION

In view of the foregoing, the R&R (Docket No. 92) is ADOPTED. Consequently, Defendants' "Omnibus Motion to Strike Class Allegations and Dismiss Amended Complaint" (Docket No. 51) is GRANTED and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 27th day of February 2026.

                                                  S/CAMILLE L. VELEZ-RIVE
                                                  CAMILLE L. VELEZ RIVE
                                                  UNITED STATES DISTRICT JUDGE